WESTON ELECTRICAL INSTRUMENT CO. v. JEWELL et al.

(Circuit Court, S. D. New York. March 2, 1904.)

1. PATENTS—INFRINGEMENT—ELECTRICAL MEASURING INSTRUMENT.

The Weston patent, No. 392,387, for an electrical measuring apparatus, was not anticipated, and shows patentable invention; also *held* infringed.

In Equity.

William Houston Kenyon, for plaintiff.
De Witt C. Tanner, for defendants.

WHEELER, District Judge. This suit is brought for an alleged infringement of patent No. 392,387, dated November 6, 1888, and granted to Edward Weston, for an electrical measuring apparatus. The defenses are anticipation, lack of patentable novelty, and non-infringement.

It seems to be a principle of electrical and magnetic philosophy that a direct current of electricity passing through a movable coil situated in a magnetic field will move the coil against steady less resistance in the field in proportion in distance to the strength of the current. The measurements will remain the same while the magnetic field remains permanent. By arranging such a coil in such a field so as to be moved by the passing of such a current through it, with a pointer attached to the coil, and moving over a proper scale of units of force, the strength of the current may be measured.

In this invention a magnetic field is provided by an elliptical magnet, with concave magnetic pole-pieces forming a large part of a circle, in which is independently placed a soft-iron core centered with the circle of the pole-pieces so as to leave a uniformly narrow space between the concave surfaces of the pole-pieces and the core, and which is spanned above and below by brass bridge pieces making the magnetic field permanent, and in which a coil wound around a frame of diamagnetic metal pivoted on arms on the bridge pieces, with springs connecting the ends of the coil with the binding posts, so that an electric current will pass from one binding post of the instrument through one spring and the coil and the other spring to the other binding post of the instrument, and move the coil in proportion to the strength of the current. A pointer is attached to the frame on which the coil is wound, and is poised upon the bridge pieces at the center of the arc of the magnetic field, and is moved over a scale graduated to the proper units by a current through the coil, and shows the extent of the movement of the coil produced by the current passing through it, and thereby measures and indicates the strength of the current. The diamagnetic metal upon which the coil is wound operates as a damper to stop vibration and steady the movement of the pointer to its place on the scale. The parts are so adjusted in relation to each other as to operate in any position, like a watch; and the whole may be, and in use is, placed in a case of such size as to be carried about and used by any one mechanically skilled in electrical and magnetic devices.

There are 20 claims, of which the 3d, 4th, 7th, 8th, 12th, 13th, 14th, 15th, 17th, and 18th are alleged to have been infringed, in which the operation of a permanent magnet and an electrical coil, movably supported in the field of the magnet with diamagnetic metal connected to and inclosed by the coil to steady the motion of the coil, are in various forms and combinations with other parts described and set forth.

There are set out and relied upon as anticipations the Thompson graded galvanometer; the Thompson balance; the Siemens electro-dynamometer; the Siemens pivoted needle instrument; the Ayrton and Perry pivoted needle instrument; the Ayrton and Perry magnifying spring instrument; the Deprez-d'Arsonval mirror galvanometer; the Deprez-Carpentier pivoted needle instrument; the inventor's patent, No. 334,145, dated January 12, 1886, for a volt indicator; the Cardew hot wire volt meter; and a Colby tangent galvanometer.

The patentee did not discover that a coil in a magnetic field would be moved by a current through it against lesser uniform resistance through distance in proportion to the strength of the current, nor that this proportion would remain constant while the field should be kept permanent, nor that the movement of the coil would be steadied to place by diamagnetic metal within it. What he did invent was the arrangement of proper devices in an instrument for producing, measuring, and indicating such a movement of the coil. His invention would not be anticipated by the use of any or all of these principles in some other mode or modes, but only by using them in his mode. Neither will the use of each and every part of all his devices in some one or more descriptions or structures before amount to such anticipation as to defeat the patent, unless substantially his arrangement is found in some one of them operating in the same way to produce substantially the same results.

Of all the alleged anticipations relied upon, the one that seems nearest to this invention is the inventor's own prior patent, No. 334,145. The other instruments and descriptions severally contain and set forth parts of the devices of the patented invention combined in more or less different ways for the general purpose of this patented instrument; but in no one of them is there set forth a coil wound upon such a frame mounted on pivots with counter acting springs carrying the current in such an arc-shaped magnetic field, nor the combinations of any of the parts of the patent in suit to as great an extent as that patent. If that patent does not anticipate this invention, it seems clear that none nor all of the others will. That patent shows a field of a magnetic system differently formed, in which a coil of wire wound about diamagnetic metal is suspended in torsional springs, and made to move in the field by an electric current through the coil against the force of the springs, and to indicate the movement by a pointer on a scale. In an instrument of that patent may be found a coil moving in a permanent magnetic field protected in the same way; but the high torsional suspending wires for the coil prevent making the instrument compact, or capable of operation, except in a level position, and it was

not a practicable electric measuring instrument for use in many places where such instruments are desired, and where that of this patent can be used.

It does not seem necessary to more particularly notice the construction or operation of the other preceding devices or descriptions relied upon. The patent in suit seems to be an improvement over the prior patent by mounting the coil on pivots in an arc-shaped magnetic field between the pole-pieces of a horse-shoe magnet and a soft-iron core, instead of suspending the core upon the torsional wires in the magnetic field of the other patent.

That this new arrangement of the coil upon pivots in this form of magnetic field, which would be by the arrangement of the bridge pieces permanent, was a great improvement on all or any prior electric measuring instruments, is very plain and obvious from an observation of the things which had gone before. It involved invention of high order, and resulted in great success. Neither the anticipations relied upon, nor the alleged want of patentable novelty, seems to defeat or affect the validity of the patent for this improvement.

The patent, therefore, seems to be valid as to all the claims in which that improvement is set forth in the various combinations specified in each. The defendants' instrument seems to have that combination, and by its use to infringe the patent through those claims. The contest is principally as to the validity of the patent, and the plaintiff appears to be entitled to a decree for this infringement.

Decree for the plaintiff.