WESTON ELECTRICAL INSTRUMENT CO. v. EMPIRE ELECTRICAL
INSTRUMENT CO.

(Circuit Court, S. D. New York. July 12, 1904.)

1. PATENTS—INFRINGEMENT—ELECTRICAL MEASURING APPARATUS.

Infringement of the Weston patent, No. 392,387, for an apparatus for measuring electrical currents of any size—as well those in multiple-arc, in amperes, as full currents, in volts—is not prevented by the fact that such apparatus is described in patent No. 392,386, issued at the same time to the same patentee, for means for dividing a current in definite parts, and measuring one part in amperes by such apparatus, although the alleged infringing instrument is one for measuring in amperes in multiple-arc; the two patents being for different things. Such patent *held* infringed on motion for preliminary injunction.

In Equity. Suit for infringement of letters patent No. 392,387, for an electrical measuring apparatus, granted to Edward Weston November 6, 1888. On motion for preliminary injunction.

William Houston Kenyon, for plaintiff.
C. A. L. Massie and Philip Mauro, for defendant.

WHEELER, District Judge. This suit is brought upon patent No. 392,387, dated November 6, 1888, and granted to Edward Weston, for an electrical measuring apparatus, which has been sustained by a decree of this court on final hearing in Weston Electrical Instrument Co. v. Jewell Electrical Instrument Co. (March, 1904) 128 Fed. 939. It has been heard on a motion for a preliminary injunction.

The differences between the defendant's instruments and those of the patent are formal, and not functional. The parts are different in shape, but they measure currents of electricity by the same means, in the same arrangement, and in the same way. That they infringe is not, and cannot well be, much disputed. But at the same time the inventor took out patent No. 392,386, for means by electrical resistance in multiple-arc circuit of dividing the current into definite parts, and measuring one of them in amperes by the apparatus of this patent, which is described in that; and the existence of that patent outstanding and not sued upon is claimed, as is understood, to shield everything covered by it from liability in a suit upon this patent, and that, as no infringement but by instruments for measuring by amperes in multiple-arc circuit before this suit is shown, no basis for an injunction is made out. The apparatus of this patent will, when properly adjusted, measure currents of any size—as well those in multiple-arc, in amperes, as full currents, in volts; and, although measurement in volts is mentioned in the specification and in some of the claims, the patent is not, except as to those claims, limited to measurement of a current in main circuit by volts. The other patent has four claims, each of which is for, in some form, the combination of the electrical resistance in multiple-arc circuit with other parts of the apparatus. One patent seems, therefore, to be for the means for dividing a current into definite parts, to be measured by measuring one part, and the other patent to be for the measuring any current, whether whole or fractional. The former would be infringed only by the fractional

means, but the latter would be by the means of either whole or fractional measurement. As the patents were simultaneous, there was no abandonment of what was covered in either by description in the other, and no priority in either to prevent a grant by the other, if both in any parts covered the same thing, but they do not appear to. Each patent is for a separate invention, and was necessary to secure to the inventor what it covered, and neither affords any excuse for infringing the other.

Motion granted.