WESTON ELECTRICAL INSTRUMENT CO. v. WHITNEY ELECTRICAL INSTRUMENT CO. et al.

(Circuit Court, S. D. New York. July 20, 1904.)

1. PATENTS—INFRINGEMENT—ELECTRICAL MEASURING INSTRUMENT.
    The Weston patent, No. 392,387, for an electrical measuring apparatus, *held* valid and infringed on a motion for preliminary injunction.

In Equity. Suit for infringement of letters patent No. 392,387 for an electrical measuring apparatus, granted to Edward Weston November 6, 1888. On motion for preliminary injunction.

William Houston Kenyon, for plaintiff.
Clifton V. Edwards, for defendants.

WHEELER, District Judge. This suit is brought upon patent No. 392,387, dated November 6, 1888, and granted to Edward Weston, for an electrical measuring apparatus, which was adjudged to be valid in Weston Electrical Instrument Co. v. Jewell Electrical Instrument Co. et al. (in this court in March, 1904), 128 Fed. 939. It has now been heard upon a motion for a preliminary injunction.

The principal question made now is as to infringement. The parts of the defendant's instrument look quite differently from the corresponding parts of the instrument of the patent, but, notwithstanding these differences in form, they are there in the instrument, and do the same things in substantially the same way. This appears quite well from the description of the two instruments in parallel columns in the affidavit of Frank W. Roller (Defendants' Record on this motion, p. 3). The great thing to be done appears to have been to get the movable coil in its diamagnetic frame into a permanent magnetic field, compactly, and to carry the current to be measured from side to side through the coil, and mov : the coil against steady resistance to measure the current and record the measurement. Weston seems to have accomplished this by mounting the frame by pivots on nonconducting bridge pieces, and carrying the current to be measured to and from the movable coil through springs connected with the frame, furnishing steady resistance, and a pointer connected with the frame, and moving over a scale, to show the movement and the measurement of the current. Any electrical mechanic could provide the permanent magnetic field, and the form of it would not be material, except to permit the movement of the frame carrying the coil. The mounting of the frame on the bridge pieces by pivots, with its arrangement and connections, was the important part of Weston's patented invention. The defendants' instruments have the permanent magnetic field provided by a magnet

and core of different and perhaps better shapes in some respects, but permitting movement of the frame in an arc of a circle to carry a pointer moving over a scale to indicate the measurement of the current. If these changes of forms are even patentable improvements, the defendants have taken and used the invention of the patent in making and using those improvements. The difference in the form of the parts carrying the frame on pivots supported by the bridge pieces is of the same sort. It does not vary the mechanical operation of the parts. These differences do not, any or all of them, amount to doing the same thing in different ways, but leave the operative parts doing the same things in the same way.

According to these views, the motion should be granted.

LACOMBE, Circuit Judge. Upon re-examination of the record, I concur in the opinion above expressed by Judge WHEELER.